United States District Court
Southern District of Texas
**ENTERED**
April 04, 2017
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DANIEL E. ISBELL, JR., § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. H-15-1635 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| Defendant. § | |

# **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Amend") [Doc. # 55], to which Wells Fargo Filed an Opposition [Doc. # 57], and an Plaintiff filed an untimely[1] reply [Doc. # 58]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion to Amend. The Court also **denies without prejudice** the pending Motion for Summary Judgment addressing the claims in the First Amended Complaint.

Plaintiff Daniel E. Isbell, Jr. filed this lawsuit in Texas state court on February 10, 2015. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") filed a timely Notice of Removal [Doc. # 1] on June 10, 2015. Plaintiff filed an Amended Complaint [Doc. # 28] on September 20, 2016. On December 6, 2016, the case was

---

[1] Defendant filed its Opposition on March 10, 2017. Pursuant to this Court's Procedures, any reply was due 7 days later, on March 17, 2017. *See* Court Procedures, ¶ 7.A.4. Plaintiff did not file the reply until March 31, 2017.

reassigned to this Court without a deadline for amendments to pleadings. On January 23, 2017, Wells Fargo filed a Motion for Summary Judgment [Doc. # 39]. Plaintiff now seeks leave to file a Second Amended Complaint to clarify his claims.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a); *United States ex rel. Marcy v. Rowan Companies, Inc.*, 520 F.3d 384, 392 (5th Cir. 2008). The Fifth Circuit has concluded that Rule 15(a) "evinces a bias in favor of granting leave to amend." *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (citation omitted). The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court." *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012). Nonetheless, a court must have a "'substantial reason' to deny a party's request for leave to amend." *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005)).

It is this Court's practice to allow amendments when leave to amend is requested prior to the applicable deadline. In this case, Plaintiff requested leave to file the Second Amended Complaint prior to any deadline for amendments to pleadings. As a result, it is hereby

**ORDERED** that the Motion for Leave to File Second Amended Complaint [Doc. # 55] is **GRANTED**. No further amendments will be permitted. It is further

**ORDERED** that Defendant's Motion for Summary Judgment [Doc. # 39], which addresses the allegations and claims in the First Amended Complaint, is **DENIED WITHOUT PREJUDICE**, with leave to again seek summary judgment addressing the current allegations and claims.

SIGNED at Houston, Texas, this **4th** day of **April, 2017**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE